IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL FRED KIRKPATRICK, JR., )
                               )
            Plaintiff,         )
                               )
       v.                      )   Civil Action No. 18-904
                               )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
            Defendant.         )

O R D E R

AND NOW, this 23rd day of September, 2019, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues generally that the Administrative Law Judge ("ALJ") erred by failing to consider properly the functional effects of Plaintiff's pain syndrome, failed back surgical syndrome, lumbar post-laminectomy syndrome, and bilateral rotator cuff syndrome in his

1

decision. More specifically, Plaintiff asserts that the ALJ failed to discuss these syndromes at Step Two of the sequential analysis, and that he failed to consider the related functional effects of these impairments when determining Plaintiff's residual functional capacity ("RFC"). In support of his contentions, Plaintiff argues that the ALJ erroneously relied on the state agency reviewer's medical opinion to support his conclusion, and failed to acknowledge later-submitted evidence that provided new diagnoses and showed worsening of Plaintiff's symptoms since the previous ALJ decision was issued. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

A claimant has the burden of demonstrating, at Step Two of the disability determination process, that he or she has a "severe" impairment or combination of impairments. See 20 C.F.R. §§ 404.1512(a), 404.1520(c); Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987). An impairment is "not severe" if the medical evidence establishes that the condition has no more than a minimal effect on the claimant's ability to perform basic work activities. See SSR 85-28, 1985 WL 56856, at *3 (1985); Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003) (citing SSR 85-28). The severity step of the sequential evaluation process thus functions as "a de minimis screening device to dispose of groundless claims." Newell, 347 F.3d at 546; see also McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) (holding that the "burden placed on an applicant at step two is not an exacting one").

Furthermore, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it is therefore irrelevant whether the ALJ correctly or incorrectly found certain alleged impairments to be non-severe, as long as he properly accounted for all impairments later in his analysis.

At the outset, the Court notes that Plaintiff's emphasis on the ALJ's alleged failure to address all of his diagnoses is misplaced. Instead, the relevant issue here is the ALJ's treatment of any actual limitations resulting from Plaintiff's impairments. In fact, a diagnosis of an impairment is not sufficient to establish disability; rather, Plaintiff must show that he has associated functional limitations that prevent him from performing substantial gainful activity. See Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990); Foley v. Comm'r of Soc. Sec., 349 Fed. Appx. 805, 808 (3d Cir. 2009). Thus, regardless of how the ALJ handled Plaintiff's various diagnoses, the issue properly before the Court is whether the ALJ adequately accounted for Plaintiff's work-related limitations in the RFC.

The Court finds that, in this case, the ALJ did properly address the functional limitations associated with Plaintiff's impairments, regardless of how such impairments were technically diagnosed at various times as indicated in the record. Moreover, the Court finds that substantial

evidence supports the ALJ's findings, which do not include chronic pain syndrome, failed back surgical syndrome, lumbar post-laminectomy syndrome, and bilateral rotator cuff syndrome among Plaintiff's "severe" impairments. (R. 1002). The Court also finds that the ALJ properly addressed the limitations resulting from Plaintiff's impairments in his discussion of Plaintiff's RFC. Specifically, the ALJ reviewed Plaintiff's medical records by incorporating the lengthy synopsis contained in the previous ALJ decision and by briefly summarizing relevant highlights of Plaintiff's treatment history. (R. 1004-05). Further, the ALJ reasonably found the opinion of state agency medical consultant Reynaldo M. Torio, M.D. to be consistent with the evidence and to be more persuasive than some of the other opinion evidence in the record. (R. 1005).

Although Plaintiff urges the Court to find that the ALJ erred in relying on the opinion of Dr. Torio because it was issued approximately five years before the ALJ's decision, the Social Security regulations impose no limit on how much time may pass between a report and an ALJ's decision relying on it. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). Additionally, although Plaintiff contends that this case should be remanded because it is analogous to the situation presented in Page v. Commissioner of Social Security, No. 16-20-J, 2017 WL 1198383 (W.D. Pa. Mar. 31, 2017), the Court disagrees. The Court notes that remand was appropriate in Page because an entirely new medical issue—based on significantly worsening symptoms—arose after the medical opinion upon which the ALJ relied in that case was written. Upon review of the evidence submitted subsequent to the first ALJ decision in this case, however, the Court finds that it does not reveal entirely new medical issues and it instead largely shows that Plaintiff's symptoms, which existed at the time of Dr. Torio's opinion, simply continued. Moreover, while Plaintiff appears to have been given certain new diagnoses for some of his symptoms (pain syndrome, failed back surgical syndrome, and lumbar post-laminectomy syndrome) since the previous ALJ decision was issued, those new diagnoses did not change the symptoms themselves. Quite simply, the later-submitted evidence does not demonstrate new or worsening conditions since the issuance of the first ALJ decision (see discussion, infra). Thus, the Court does not agree with Plaintiff's contention that the ALJ erred in relying on Dr. Torio's opinion in formulating Plaintiff's RFC.

Additionally, Plaintiff contends that the ALJ failed to acknowledge the later-submitted evidence in his decision. The Court disagrees, however, and notes that the ALJ did in fact discuss the evidence that Plaintiff submitted subsequent to the first ALJ decision, but he found it to be of limited probative value. (R. 1005). In fact, the ALJ discussed the content of those records and noted that it confirmed some ongoing complaints. (R. 1005). The ALJ also explained that, while Plaintiff was prescribed narcotic analgesics and benzodiazepine for his complaints, the records disclosed no updated diagnostic imaging during that time. (R. 1005). Additionally, the ALJ pointed out that the records also disclosed that Plaintiff had had three drug overdoses, and that he had recently undergone a course of treatment in a chemical dependency treatment facility. (R. 1005). Moreover, the ALJ commented that, after Plaintiff's discharge following one of his drug overdoses, "it was noted that the claimant exhibited normal cognition, normal ambulation, normal daily activities, and no difficulty with independent activities." (R. 1005). Accordingly, the Court concludes that the ALJ did not err by failing to address Plaintiff's subsequently submitted treatment records, nor does the Court find that such records show a worsening of symptoms due to his impairments or that new impairments had appeared,

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 9) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:         Counsel of record

---

which would be sufficient to show that the ALJ erred in relying on the opinion of Dr. Torio in formulating Plaintiff's RFC.

      Lastly, Plaintiff notes that the ALJ's failure to evaluate the effects of Plaintiff's syndromes is harmful given the procedural posture of the case, i.e., that the first ALJ decision in this case was remanded because District Judge Donetta W. Ambrose found that it was not based on substantial evidence. (R. 1070-75). Specifically, in Plaintiff's appeal of the first ALJ decision in this case, Judge Ambrose explained that Plaintiff's RFC had been based in part on the ALJ's finding that Plaintiff's rotator cuff syndrome constituted a "severe" impairment, but since the ALJ had rejected the opinions supporting that finding and had found Plaintiff to be not entirely credible, there was no remaining evidence upon which he could have properly based his RFC. (R. 1074). Upon consideration of the entire record, Judge Ambrose's remand order, and the Order of the Appeals Council remanding this case (R. 1079-80), the Court finds that the ALJ decision currently at issue does not conflict with Judge Ambrose's order or the Appeals Council's order. Here, after consideration of all the evidence—including the later submitted evidence which describes Plaintiff's recent symptoms and treatment—the ALJ found that Plaintiff's rotator cuff syndrome did not constitute a "severe" impairment, and the Court agrees that the full record supports such conclusion.

      In sum, after careful review of the record, the Court finds that the ALJ did not err by failing to consider properly the functional limitations caused by Plaintiff's pain syndrome, failed back surgical syndrome, lumbar post-laminectomy syndrome, and bilateral rotator cuff syndrome. Furthermore, the Court finds that the ALJ did not err in relying on the state agency reviewer's opinion in his analysis, nor did he fail to acknowledge and consider the evidence Plaintiff submitted after the previous ALJ decision was issued. Thus, the Court concludes that the ALJ adequately addressed all the relevant evidence in the record, including the medical records and the medical opinion evidence, and he thoroughly discussed the basis for his RFC finding. The Court finds that substantial evidence supports the ALJ's decision in this case and, accordingly, the Court affirms.